### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO - DENVER DIVISION

Alfredo Velazquez Parra,  )
                     Plaintiff,  )
   v.  )
                       )
Accurate Precision LLC and Andrew Jacob Powell  )
                       )
                     Defendants.  )

### Complaint at Law

**Now Comes** Plaintiff Alfredo Velazquez Parra ("Plaintiff"), by attorneys, Justicia Laboral LLC, and in complaining against Defendants Accurate Precision LLC ("Accurate") and Andrew Jacob Powell (cumulatively "Defendants"), states:

### Introduction and Parties

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for Defendants' failure to pay overtime wages and/or minimum wages owed.

2. Plaintiff is a resident of Aurora, Colorado; he was formerly employed by Defendants.

3. Defendant Accurate is a general contractor and a Colorado limited liability company that conducts business in Denver, Colorado; during relevant periods, it employed four or more employees.

4. Defendants Andrew Jacob Powell are the officers, managers, and/or owners of Accurate. On information and belief, s/he resides in this federal district.

### Jurisdiction And Venue

5. The Court possesses subject matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and possesses subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

6.     Venue is proper in the District of Colorado because all underlying facts and transactions occurred in Colorado; and on information and belief, all parties to this lawsuit are residents of this federal district.

### Facts Common To All Claims

7. At all relevant times, Plaintiff was Defendants' "employee" as that term is defined in the FLSA; Plaintiff does not fall into any of the exceptions or exemptions for workers under the FLSA.

8. Defendant Accurate is an "employer" as that term is defined in Section 203 of the FLSA, as it is a privately-owned for-profit entity.

9. Defendants Andrew Jacob Powell is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) s/he was Plaintiffs' boss; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

### Count 1 – Violation(s) of FLSA

10.    Plaintiff reincorporates ¶¶ 1-9, as if set forth in full herein for Paragraph 10.

11.    Plaintiff alleges the following related to his employment with Defendants:

1) looking at light best for client, $1000 biweekly wage for 80 hrs = $12.50 per hr, which is the min wage

Client claims he is only paid for 4 hrs per day, or 40 hrs every two weeks = $25.00/hr

No OT

2) independent contractor/1099

3) 2018 chk he provided shows $1400 paid for 80 hrs, or $17.50/hr

Colorado - Accurate Mexican restaurant; delivers food (burritos) to gas stations for resale; 3/2017 – current; 20 hrs per week on paper, 3 am to 630 am, works more than those hours; 36-40 hrs/wk

actually worked; owners of gas stations/managers would be great evidence are great evidence; delivered the invoice, signed and delivered to employer/ - no tips – bi weekly paid $1300, deduct taxes/insurance, $1000 for salary, $300.00 gas reimbursement; defs told him he should be grateful;;; 1 franchise of many ; client is a CPA; direct deposit; he's 1099; he started punching in and out 6 months ago, he was directed to call owner to punch him out when he was out on a delivery, did 2-3 times per week,

-had a regular schedule before 6 mos, where his time was

    a) s/he worked for Defendants in 2021;

    b) he worked in painting, plastering, drywall, remodeling homes. and general maintenance;

    c) any tips were *de minimis;*

    d) in 2021, he worked for 5.5 weeks, at 40 hours per week for Defendants;

    e) for the period of work identified in d) above, he was paid $0;

    f) Plaintiff's hourly wage was supposed to be $26.00 per hour; and

    f) he did not receive the minimum wage for the hours he worked for Defendants.;

12.    Throughout the course of his/her employment and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff to work for them. .

13.    On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff proper minimum wages and/or overtime wages for hours worked was a willful violation of the FLSA.

14.    Plaintiff is entitled to recover unpaid overtime wages/minimum wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $5,720.00 in unpaid overtime and/or minimum wages; (ii) and

liquidated damages of $5,720.00 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.  See attached Exhibit A.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendants Accurate Precision LLC and Andrew Jacob Powell, jointly and severally, for:

A. The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $5,720.00;

B. An award liquidated damages in an amount equal to at least $5,720.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs, and interest; and

E. Any such additional or alternative relief as this Court deems just and proper.

s/   James M. Dore

**Justicia Laboral LLC**
**James M. Dore (IL Bar # 6296265)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**Plaintiffs request trial by jury for all counts where allowed**