IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00085-CMA-STV

ALFREDO VELASQUEZ PARRA,

    Plaintiff,

v.

ACCURATE PRECISION, LLC, and
ANDREW JACOB POWELL,

    Defendants.

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

---

This matter is before the Court on Plaintiff Alfredo Velasquez Parra's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55. (Doc. # 23.) For the following reasons, the Court grants the Motion.

## I.    BACKGROUND

This is an action for recovery of unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendant Accurate Precision, LLC ("Accurate") is a general contractor and Colorado limited liability company. (Doc. # 1 at ¶ 3.) Defendant Andrew Jacob Powell is the registered agent, manager, and owner of Accurate who hired Plaintiff in 2021. (*Id.* at ¶ 4; Doc. # 23-4.)

Plaintiff alleges that he worked for Defendants in 2021, and his duties included "painting, plastering, drywall, remodeling homes, and general maintenance." (Doc. # 1

at ¶ 11.) He asserts that he worked for 5.5 weeks, for 40 hours per week, and that he was supposed to be paid $26 per hour. (*Id.*) However, Plaintiff asserts that he was not paid for the hours he worked. (*Id.*)

On January 12, 2022, Plaintiff initiated the instant action alleging a single claim for relief for violation of the FLSA. (Doc. # 1.) Plaintiff filed proof of service on Defendant Powell on February 17, 2022 (Doc. # 5) and on Defendant Accurate through its registered agent, Powell, on April 1, 2022 (Doc. # 17). After Defendants failed to appear or file an answer in this case, Plaintiff filed a Motion for Entry of Default on May 9, 2022. (Doc. # 19.) The Clerk of Court entered default as to Defendants on May 13, 2022. (Doc. # 21.)

Plaintiff filed the instant Motion for Default Judgment on July 28, 2022. (Doc. # 23.) Therein, Plaintiff moves the Court to enter default judgment in his favor and against Defendant in the amount of $11,440 ($5,720 in unpaid wages and $5,720 in liquidated damages pursuant to the FLSA). (*Id.* at 1.) In addition, Plaintiff seeks attorney's fees and costs. (Doc. # 23-2.)

To date, Defendants have yet to respond or enter an appearance in this case.

## II.     LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, courts must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). Default judgment may be entered by the clerk of court if the claim is for "a sum certain." Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (quotation omitted). "In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment serves as such protection." *Id.* (quotation omitted).

### III.  ANALYSIS

Before granting a motion for default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defaulting defendant. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Olcott*, 327 F.3d at 1125 (stating that upon default, the defendant admits the plaintiff's allegations); *see also Person. Indus. Loan Corp. v. Forgay*, 240 F.2d 18, 20 (10th Cir. 1956) ("By failing to appear and permitting a default judgment to be entered, [defendant] admitted only facts well pleaded."). "The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits." *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-cv-02065-RM, 2019 WL 399228, at *2 (D. Colo. Jan. 31, 2019).

3

### A. JURISDICTION

Plaintiff asserts his claim under the FLSA, a duly enacted law of the United States. (Doc. # 1); 29 U.S.C. § 201 *et seq.* Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

The Court also finds that it has personal jurisdiction over Defendants because service was adequate, *see Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015), and exercising jurisdiction over Defendants comports with constitutional due process demands, *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

First, the Court finds that Plaintiff's service of process on Defendants was complete, adequate, and in accordance with Fed. R. Civ. P. 4. Plaintiff effected service on Defendant Powell on February 1, 2022, by serving the summons and Complaint on Powell's spouse at Powell's home in Colorado. (Doc. # 5 at 3.)  Plaintiff also effected service on Defendant Accurate by serving the summons and Complaint on Powell as the registered agent of Accurate on March 25, 2022. (Doc. # 17 at 3.) Next, the Court finds that exercising jurisdiction over Defendants comports with constitutional due process demands. Defendant Accurate is a Colorado limited liability company, and a substantial part of the events or omissions giving rise to the claims set forth in this lawsuit occurred within the State of Colorado. Accordingly, the Court has personal jurisdiction over Defendants.

B.     FAILURE TO DEFEND

It is manifest from the record that Defendants have failed to defend this lawsuit. Plaintiff served Defendants on February 1, 2022, and March 25, 2022. (Doc. ## 5, 17.) Defendants have nevertheless failed to answer or otherwise respond to Plaintiff's Complaint (Doc. # 1), and the time to do so has expired. *See* Fed. R. Civ. P. 12(a). The Clerk of Court, therefore, properly entered a certificate of default against Defendants on May 13, 2022. (Doc. # 21.) The Court accordingly finds that Defendants have failed to defend or appear in this lawsuit.

C.     LIABILITY

The Court finds that Plaintiff's Complaint (Doc. # 1), Motion for Default Judgment (Doc. # 23), and attachments thereto provide a "sufficient basis in the pleadings" for default judgment to be entered. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Accepting the well-pled allegations in the Complaint (Doc. # 1) and facts in Plaintiff's Affidavit for Prove-Up (Doc. # 23-1) as true, the Court finds that the allegations support entry of default judgment against Defendants on Plaintiff's unpaid wages claim under the FLSA. *See* 29 U.S.C. § 201, *et seq.* Plaintiff alleges that he was employed by Defendants for 5.5 weeks in 2021, during which time he worked "in painting, plastering, drywall, remodeling homes, and general maintenance." (Doc. # 1 at ¶ 11.) Plaintiff further contends that he worked for 5.5 weeks, for 40 hours per week, and he was paid nothing for his time. (*Id.*) Accordingly, the Court finds that Defendants failed to pay

5

Plaintiff minimum wages for 5.5 weeks in 2021 in violation of the FLSA and are therefore liable to Plaintiff for damages.

**D.     DAMAGES**

Default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof. *Id.* at 773 n.2. Rule 55(b) provides that "the court may conduct hearings or make referrals" as it deems necessary in order to "determine the amount of damages." A court may enter a default judgment without a hearing when, as is the case here, "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Eighth Dist. Elec. Pension Fund v. Campbell Elec., Inc.*, No. 16-cv-03040-CMA, 2017 WL 1243059, at *2 (D. Colo. Mar. 17, 2017) (quoting *Held v. Shelter Sys. Grp. Corp.*, No. 93-1225, 16 F.3d 416, 1994 WL 47157, at *1 (10th Cir. 1994)). In making an independent determination of the amount of damages, "the court may rely on detailed affidavits or documentary evidence." *Chisolm v. Global Graphics & Designs Inc.*, No. 20-cv-00344-PAB-SKC, 2021 WL 4426951, at *1 (D. Colo. Sept. 27, 2021) (quoting *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010)).

Under the FLSA, Defendants are liable to Plaintiff for unpaid minimum wages and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b); *see Mumby v. Pure Energy Servs.*, 636 F.3d 1266, 1272 (10th Cir. 2011) (noting that the liquidated

damages provision essentially doubles a plaintiff's damage award). The federal minimum wage, for purposes of unpaid wage damages under the FLSA, is $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). Although Plaintiff requests damages at his normal hourly rate of $26 per hour, the FLSA permits recovery only of unpaid minimum wages. *See* 29 U.S.C. § 216(b) (providing that any employer who violates the minimum wage provision of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid **minimum wages**" (emphasis added)).

The Court finds that Plaintiff's request for damages is capable of mathematical calculation and supported by detailed affidavits such that no hearing is required in this case. The Court therefore calculates the following damages based on the sworn affidavit provided by Plaintiff. (Doc. # 23-1.) Plaintiff is owed $7.25 per hour for 40 hours per week for 5.5 weeks, for a total of $1,595 in unpaid minimum wages. In addition, Plaintiff is entitled to an additional equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b). Therefore, Plaintiff's total FLSA award is $3,190.

**E.     ATTORNEY FEES**

The FLSA also permits the award of reasonable attorney fees and costs. 29 U.S.C. § 216(b). In his Motion for Default Judgment, Plaintiff requests an award of attorney's fees and costs of $5,857. (Doc. # 23 at 2.) Pursuant to CMA Civ. Practice Standard 7.1F(b), a party moving for default judgment must file a separate motion for attorneys' fees and a separate motion for costs for consideration by the Clerk's Office, if costs and attorneys' fees will be requested. Accordingly, Plaintiff's request for attorney's fees and costs is denied without prejudice for failure to comply with CMA Civ. Practice

Standard 7.1F(b). Plaintiff may file separate motions for attorney's fees and costs that comply with this Court's Civil Practice Standards within 30 days of the issuance of this Order.

## IV.     CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Plaintiff Alfredo Velasquez Parra's Motion for Default Judgment (Doc. # 23) is GRANTED;

- Plaintiff is entitled to a total judgment of $3,190 in damages, consisting of $1,595 in unpaid minimum wages and $1,595 in liquidated damages under the FLSA;

- the Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff and against Defendants in the total amount of $3,190; and

- Plaintiff may file separate motions for attorney's fees and costs within 30 days of the issuance of this order.

DATED:  August 11, 2022

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
Senior United States District Judge