IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00085-CMA-STV

ALFREDO VELASQUEZ PARRA,

    Plaintiff,

v.

ACCURATE PRECISION, LLC, and
ANDREW JACOB POWELL,

    Defendants.

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

---

This matter is before the Court on Plaintiff Alfredo Velasquez Parra's Motion for Attorney's Fees (Doc. # 27), wherein Plaintiff requests $5,080 in attorney's fees and $777 in costs. On August 11, 2022, the Court granted Plaintiff's Motion for Default Judgment on his claim for unpaid minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. # 25.) The FLSA permits the award of reasonable attorney fees and costs. 29 U.S.C. § 216(b). For the following reasons, the Court grants the Motion.

### I.    LEGAL STANDARDS

It is within the court's discretion to determine the reasonableness of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth by the Supreme Court

in *Hensley*. *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).

A lodestar calculation involves multiplying the number of hours an attorney expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 461 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 1249 (internal citations omitted).

## II.   ANALYSIS

The first step in calculating the lodestar is the determination of the number of hours reasonably spent by counsel. *Case,* 157 F.3d at 1250. Plaintiff's counsel reports limited time spent on this case (12.7 hours), and he refrained from billing any hourly time for administrative work performed by employee Derian Geovanni Palacios Morales. (Doc. # 27 at 1–2.) Upon review of the petition of counsel James. M. Dore (Doc. # 27), as well as the time records detailed in the petition (*id.* at 1–2), the Court concludes that Plaintiff's counsel exercised billing judgment in filing the instant Motion and that the 12.7 hours requested were reasonably expended in the litigation. *See Ramos*, 713 F.2d at 553; *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . .").

2

Next, the Court finds that the billing rates requested are reasonable. Plaintiff seeks an hourly rate of $400 per hour for attorney James M. Dore. (Doc. # 27 at 1.) The Court finds that the rate requested is consistent with evidence of what the market commands for federal litigation in the District of Colorado. *See, e.g.*, *Edwards v. Edwards*, No. 20-CV-02843-CMA-SKC, 2021 WL 130690, at *2 (D. Colo. Jan. 14, 2021) (finding attorney rate of $400 and paralegal rate of $180 reasonable in this jurisdiction); *Barnett v. Bd. of Cty. Commissioners of Cty. of Montrose*, No. 14-CV-1765-JAP-GPG, 2015 WL 13614118, at *5 (D. Colo. Dec. 14, 2015) (collecting cases that "suggest that the prevailing rates in Denver . . . for experienced litigators approach $400 per hour in recent years"), *report and recommendation adopted*, 2015 WL 13614119 (D. Colo. Dec. 31, 2015). Therefore, multiplying the reasonable hourly rate by the number of hours reasonably expended, the Court determines that Plaintiff is entitled to an award of $5,080 in attorney's fees. The Court finds that Plaintiffs' request for costs of $777 is reasonable and awards the same. *See* 29 U.S.C. § 216(b); *Hensley*, 461 U.S. at 444.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees (Doc. # 27) is GRANTED. Plaintiff is entitled to the amount of $5,857 in attorney's fees and costs. It is

FURTHER ORDERED that the clerk shall enter judgment in the amount of $5,857 in favor of Plaintiff and against Defendants.

DATED:  August 22, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge